IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY HOLLINGSHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 12-00070-CG-N |
| ) | |
| MOBILE COUNTY PERSONNEL BOARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This action is before the Court on a motion to dismiss (doc. 9) filed by the defendant, James D. Hanson ("Hanson") and plaintiff's response in opposition thereto (doc. 12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) for entry of a Report and Recommendation. Upon consideration of the motion and plaintiff's response, it is recommended that defendant Hanson's motion to dismiss be **GRANTED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND.

This *pro se* lawsuit was filed (doc. 1) by Dorothy Hollingshead on February 2, 2012, within 90 days of plaintiff's receipt of a right to sue letter (*id.* at 11) issued by the Equal Employment Opportunity Commission ("EEOC") on December 19, 2011. This litigation centers on the following charge of discrimination signed by the plaintiff on December 15, 2011:[1]

---

[1] Although plaintiff has also attached to her Complaint an EEOC charge of discrimination signed by the plaintiff on October 17, 2011, and designated as Charge No. 425-2011-01146 (Continued)

> In November 2011, I appealed to the Respondent an unsatisfactory rating that I received on my last annual evaluation from my employer. During the hearing, James Hansen (White, Director, late 50s) denied me the following: ability to call two witnesses; all unsatisfactory evaluations my Supervisor wrote on all employees in the Department over the past ten years; and all grade reports regarding the grass I cut throughout my assigned work areas over the past two years. In November 2011, the Respondent upheld the unsatisfactory evaluation rating. I believe I was retaliated and discriminated against because I filed a race (Black), sex, and age (60) complaint against my employer.
>
> I believe I was retaliated and discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967.

(*Id.* at 12).  Plaintiff's EEOC charge names only the Mobile County Personnel Board as her employer. (*Id.*) Plaintiff does not name Hanson[2] as a respondent in the charge; rather, she references him in the "particulars" of the charge claiming, in sum, that he denied her certain discovery and the right to call two unidentified witnesses during her hearing. (*Id.*).

On March 26, 2012, defendant Hanson filed the instant motion to dismiss (doc. 9) on the grounds, in sum, that he is not plaintiff's employer and cannot, therefore, be properly sued under Title VII, either in his individual or representative capacity.

Plaintiff filed a response (doc. 12) in opposition to defendant Hanson's motion on April 17, 2012.  Plaintiff does not dispute Hanson's factual allegation that he is not her

---

(docs. 1 at 13 and 3-1 at 14), the EEOC right to sue letter issued on December 19, 2011 (doc. 1 at 11) refers only to the charge plaintiff signed on December 15, 2011 which is designated by the EEOC as Charge No. 425-2012-00227 (*Id.* at 11 and 12 and doc. 3-1 at 16).

[2] Defendant Hanson is referred to as James Hansen in the EEOC charge. (Doc. 1 at 12).

employer[3] nor does she address any of the legal arguments proffered by Hanson. Rather, plaintiff contends, in pertinent part:

> THE PERSONNEL BOARD DID SET OUT TO HARM ME IN THAT . . .YEAR AFTER YEAR THE BOARD MEMBERS REPEATEDLY FOUND IN THE FAVOR OF THE EMPLOYER AGAINST THE GRIEVING EMPLOYEE.

(Doc. 12 at 2). Plaintiff then asks the Court for leave to subpoena "RECORDS OF THE HEARINGS BROUGHT BEFORE THE PERSONNEL BOARD (GRIEVANCES, COMPLAINT AND OR CASES) HEARD BY THE BOARD BETWEEN 2001-2012." (*Id.*).

Although defendant Hanson was afforded an opportunity to submit a reply brief to plaintiff's response (*see* doc. 10), he opted not to do so. Consequently, the matter is now ripe for adjudication.

II.   STANDARD OF REVIEW.[4]

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6)

---

[3] Specifically, plaintiff does dispute that Hanson is actually the Assistant Director of the Mobile County Personnel Board. (Doc. 9 at n. 1). Plaintiff acknowledges this fact by identifying Hanson as the Assistant Director in the style of her response in opposition. (Doc. 12 at 1).

[4] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto'." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000), *quoting*, GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993). All "reasonable inferences" are drawn in favor of the plaintiffs. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley, 355 U.S. at 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its

> judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]"). With this legal framework in mind the Court now turns to the merits of Hanson's motion to dismiss.

Plaintiff confirms (doc. 12 at 2), in her opposition to Hanson's motion, that she is bringing this action pursuant to 42 U.S.C. § 2000e-2, which provides, in pertinent part:

> (a) Employer Practices
>
> It shall be an unlawful employment practice *for an employer*-
> (1) ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C. § 2000e-2(a)(1)(emphasis added). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991),

*citing* Clanton v. Orleans Parish School Bd., 649 F.2d 1084, 1099 & n. 19 (5th Cir. 1981);[5] 42 U.S.C. § 2000e(b)(definition of "employer"); 42 U.S.C. § 2000e-2 (violation for "employer" to discriminate); 42 U.S.C. § 2000e-5(g) (relief for violation of § 2000e-2).  Inasmuch as the focus of Title VII is on the employer, "[i]ndividual capacity suits under Title VII are [] inappropriate." Busby, 931 F.2d at 772.

   III.   ANALYSIS.

Plaintiff does not indicate whether she is bringing suit against defendant Hanson in his individual capacity or representative capacity.  Title VII prohibits an ***employer*** from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To the extent plaintiff alleges claims against Hanson in his individual capacity, plaintiff does not dispute that Hanson is not her employer.  Consequently, the relief sought by plaintiff cannot be obtained from Hanson, because "'[t]he relief granted under Title VII is against the employer, not [against] individual employees whose actions would constitute a violation of the Act.'"  Dearth v. Collins, 441 F.3d 931, 933 (11th Cir, 2006), *quoting* Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000); Busby, *supra*, 931 F.2d at 772 ((also holding that "[i]ndividual capacity suits under Title VII are ... inappropriate.").  *See also* Udoinyion v. The Guardian Security, 440 Fed.Appx. 731, 734

---

[5] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(11th Cir. Sept. 7, 2011)(Title VII relief may be imposed only against an employer); Dehaan v. Urology Center of Columbus, LLC, 2012 WL 1300554, * 2 (M.D. Ga. Apr. 16, 2012)(same); Foster v. Auburn University Montgomery, 2011 WL 6140965,  * 4 (M.D. Ala., Dec. 8, 2011)(same); Bryars v. Kirby's Spectrum Collision, Inc., 2009 WL 1286006, * 10 (S.D. Ala. May 7, 2009)(same).

Hanson maintains, and plaintiff does not dispute, that she has also named her employer as a defendant herein.  Consequently, to the extent plaintiff alleges claims against Hanson in his representative capacity, such a claim would be redundant.  *See* Pears v. Mobile County, 645 F.Supp.2d 1062, 1077 (S.D. Ala., 2009)("[A]n official-capacity suit against an individual defendant is redundant when the employer has already been named as a defendant.");  Wheeles v. Nelson's Elec. Motor Services, 559 F.Supp.2d 1260, 1267 (M.D. Ala., 2008) *citing* Taylor v. Alabama, 95 F.Supp.2d 1297, 1309 (M.D. Ala., 2000). *citing* Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995)(where a Title VII plaintiff names the employer as a defendant, any of the employer's supervisory officials also named in the complaint may be dismissed from the action).  *See also* Williams v. Physician Practice Group, 2011 WL 1897188, * 1 (S.D. Ga., Apr. 20, 2011)("[W]here a plaintiff has named her employer as a defendant, a supervisory employee named as an agent of the employer (i.e., sued in her official capacity) may properly be dismissed, as any recovery will be obtained from the employer, making the supervisor an unnecessary party to the suit."); Cobb v. Alabama Dept. of Human Resources, 2010 WL 2079872, * 4 (M.D. Ala. Apr. 30, 2010), *quoting* Moss v. W & A Cleaners, 111 F.Supp.2d 1181, 1186 (M.D. Ala. 2000) ("[W[hile

7

official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer."). Hanson's motion to dismiss any claim against him in his representative capacity is, therefore, due to be granted.

IV. CONCLUSION.

For the reasons stated above, it is recommended that the motion to dismiss (doc. (doc. 9) filed by the defendant, James D. Hanson, be **GRANTED**. The action remains pending at this juncture against the sole remaining defendant, the Mobile County Personnel Board.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  10th  day of May, 2012.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[6] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this  10th  day of May, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).